UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ERIC D. SMITH,<br><br>    *Plaintiff*,<br>v.<br><br>HAMILTON COUNTY, TENNESSEE;<br>INTERNAL AFFAIRS INVESTIGATOR<br>DEBBIE MORRIS; SHERIFF JIM<br>HAMMOND; OFFICER OWENS;<br>OFFICER DANIEL; RICHARD E. SHOCKLY;<br>CAPTAIN SWOPE; AND OFFICER ROBERT<br>JOHNSON,<br><br>    *Defendants*. | No. 1:10-CV-222<br>*Chief Judge Curtis L. Collier* |

## **MEMORANDUM**

Plaintiff Eric D. Smith ("Plaintiff") has filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Although Plaintiff's complaint is difficult to decipher, the Court discerns he is complaining about his conditions of confinement during May 2009, and claiming Defendants Sheriff Jim Hammond ("Sheriff Hammond"), Richard E. Shockly ("Shockly"), and Captain Swope ("Capt. Swope") are all responsible for the unconstitutional conditions. In addition, he alleges Defendant Officer Owens ("Officer Owens") and Officer Daniel ("Officer Daniel") assaulted him on December 14, 2009, injuring his nose, eye, and giving him a concussion. Finally, Plaintiff claims Defendant Officer Robert Johnson ("Officer Johnson") spread a rumor around the jail that Plaintiff tried to sell his daughter, and when he complained to Defendant I/A Investigator Debbie Morris ("Investigator Morris") about the rumor Officer Johnson started, she failed to relocate Plaintiff to another facility. Plaintiff seeks a million dollar judgment (Court File No. 2).

For the following reasons, the claims against Hamilton County will be **DISMISSED** for

failure to state a claim upon which relief may be granted. The claims against Defendants Sheriff Hammond, Shockley, and Capt. Swope will be **DISMISSED** from this lawsuit because those claims are barred by the one year statute of limitations. The claims against Defendants Investigator Morris and Officer Johnson will be **DISMISSED** from the lawsuit because Plaintiff has failed to state a claim upon which relief may be granted. Thus, Defendants Hamilton County, Sheriff Hammond, Shockley, Capt. Swope, Investigator Morris, and Officer Johnson will be **DISMISSED** from this lawsuit. The Plaintiff, however, will be permitted to proceed on his claim that Officers Owens and Daniels used excessive force against him (Court File No. 2).

**I.       Standard of Review**

    **A.**     *Pro Se* **Pleadings**

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id*. at 555. Nevertheless, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of

2

review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

The Court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Title 28 U.S.C. § 1915(e)(2) provides that the Court "shall dismiss the case *at any time* if the Court determines it is" frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(I), (ii), (iii) (emphasis added). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 599 U.S. 199 (2007). Defendants have filed their response wherein they raise the statute of limitations. Thus, the Court reevaluates Plaintiff's complaint.

Under 28 U.S.C. §§ 1915(e) and 1915A, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous and lacks an arguable basis in law, on its face, when the complaint bears an affirmative defense such as the statute of limitations. *Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of

3

limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

**II.     Facts**

For purposes of this review the Court accepts all factual allegations in the complaint as true. Plaintiff was put on Disciplinary Action for thirty (30) days for making tattoo ink in his cell and was charged with arson during May of 2009 while incarcerated at the Hamilton County Jail. During that time Capt. Swope provided him only one jumpsuit and left him in a cell for two or more weeks without hygiene items, bedding, and access to a shower.

Plaintiff contacted Internal Affairs Officer Debbie Morris, Sheriff Jim Hammond, and Richard E. Shockley regarding his complaint against Captain Swope for denying him hygiene items, bedding, and showers. An investigation began on December 1, 2009, and at that time, Plaintiff notified officials that based on a rumor going around the jail that he tried to sell his daughter, he believed that his safety was in danger and he should be transported to another institution.

Officer Robert Johnson and the Chief (who Plaintiff failed to identify) were the sources of the rumor and they told the inmates Plaintiff tried to sell his daughter. Subsequent to this revelation by jail officials to the inmate population, Plaintiff was assaulted by Officers Owens and Daniels several times on December 14, 2009, and, as a result of those assaults, he suffered a broken nose, black eye, and concussion.

**III.    Analysis**

   **A.     *42 U.S.C. § 1983***

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person

4

acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

### B. *Hamilton County*

Plaintiff has not explained how he seeks to impose liability on Hamilton County. Thus, he has failed to state a claim against the county. The doctrine of respondeat superior does not apply to § 1983 lawsuits. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). The Supreme Court has held municipalities may constitute "persons" acting under color of state law subject to § 1983 liability. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). Under *Monell's* holding, however, a municipal entity is liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a constitutional right. *Id.* at 694. Thus, for Hamilton County to be liable, there must be a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Bd. Of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

Here, however, Plaintiff does not allege any official policy or custom by Hamilton County resulted in the alleged use of excessive force. Because Plaintiff has failed to allege or identify an unconstitutional policy or custom existed that was connected to the county and that the custom caused his alleged constitutional violation, he has failed to state a claim against Hamilton County. Accordingly, Hamilton County will be **DISMISSED** from this lawsuit for Plaintiff's failure to state a claim upon which relief may be granted.

*C.  Timeliness*

In their answer, Defendants Sheriff Hammond, Richard Shockley, and Capt. Swope, contend the claims against them are barred by the applicable one-year statute of limitations. For the reasons explained below, the claims against these Defendants are time-barred.

Title 42 U.S.C. § 1983 does not contain a statute of limitations. The United States Constitution and the federal statutes enacted by Congress do not expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Thus, Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued, and Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S. C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became aware of the claims he now raises. *See generally Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an unconstitutional search begins to run at the time when the plaintiff becomes aware of the unconstitutional action). Because the alleged unconstitutional prison conditions occurred in May of 2009, Plaintiff's action accrued at that time. Plaintiff did not provide specific dates on which the unconstitutional prison conditions occurred. Therefore, for purposes of this discussion, the Court will generously use May 31, 2009, as the date upon which Plaintiff's claims accrued; thus, the one-year statute of limitations commenced to run on May 31, 2009. Consequently, the one-year statute of limitation expired on or about May 31, 2010, approximately two months prior to Plaintiff filing this civil rights complaint.

Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. The Clerk of this District Court received Plaintiff's *pro se* civil complaint by mail on August 16, 2010. Although the envelope does not reflect when the

7

Plaintiff gave the complaint to the prison mailroom, he signed his complaint on August 12, 2010. The prison mailbox rule provides that a filing of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations here, because the Court is unable to determine when Plaintiff delivered the mail to prison authorities for mailing, it will generously use the date on which Plaintiff signed his complaint, August 12, 2010. Therefore, Plaintiff's civil complaint is deemed to have been filed August 12, 2010, which consequently, is more than two months after the one-year statute of limitations had expired. Therefore, the claims against Defendants Sheriff Hammond, Shockley, and Capt. Swope are time-barred.

Accordingly, the complaint as to Defendants Sheriff Hammond, Shockley, and Capt. Swope will be **DISMISSED WITH PREJUDICE** as frivolous on the ground that these civil rights claims are time-barred by the applicable statute of limitations, and therefore, lack an arguable or rational basis in law. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998), *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous).

### D.     *Defendants I/A Investigator Debbie Morris and Officer Robert Johnson*

Although Plaintiff also names Investigator Morris and Officer Johnson as Defendants in this lawsuit, he has not made a claim of a constitutional violation against either of them. Plaintiff claims that he told Investigator Morris about the rumor that Officer Johnson started, i.e., that Plaintiff tried to sell his daughter. Plaintiff contends that based on this rumor he should have been moved out of the Hamilton County Jail. Plaintiff's allegation against Investigator Morris is insufficient to state a constitutional violation. Accordingly, Investigator Morris will be **DISMISSED** from this lawsuit. 28 U.S.C. § 1915(e)(2)(ii).

Plaintiff claims Officer Robert Johnson is dating his "Babies [sic] mother[,]" and, on some unidentified date, he "brought [a rumor about Plaintiff] in the facility." (Court File No. 2). The alleged rumor is that Plaintiff tried to sell his daughter. Plaintiff does not say how he knows Officer Johnson started the alleged rumor at the facility. Nevertheless, harassment, threats, and verbal abuse do not give rise to a claim for relief under 42 U.S.C. § 1983. *Johnson v. UnknownDellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Although such actions could possibly violate an inmate's constitutional rights if there was sufficiently severe resulting harm, *see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), Plaintiff's allegations do not include any alleged physical harm resulted to Plaintiff as the result of the rumor Officer Johnson was alleged to have started in the jail. Accordingly, the claims against Defendants Investigator Morris and Officer Johnson will be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(ii).

### E. *Excessive Force Claims*

Plaintiff claims that Officer Owens and Officer Daniels entered his cell on December 14, 2009, at approximately 5:45 a.m. and assaulted him several times. Plaintiff claims he was booked on these two assaults which resulted in him being transported to the hospital. Plaintiff suffered a broken nose, black eye, and concussion.

Unjustified infliction of bodily harm upon a prisoner by a correctional officer gives rise to liability under 42 U.S.C. § 1983. *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). The inquiry in cases where prisoners allege the excessive use of force is "'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028,1033 (2nd Cir.), *cert. denied*, *sub nom. John v. Johnson*, 414 U.S. 1033 (1973).

Applying the law to the facts alleged by Plaintiff, the Court concludes he has alleged sufficient facts to permit his excessive force claims against Officers Owens and Daniels to go forward at this time.

### IV. Conclusion

Plaintiff's complaint against Defendants Sheriff Hammond, Shockly, and Capt. Swope will be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983 because those claims are time-barred. 28 U.S.C. §§ 1915A. The claims against Hamilton County, Investigator Morris, and Officer Johnson will be **DISMISSED** for failure to state a claim upon which relief can be **GRANTED**. 28 U.S.C. § 1915(e)(2)(ii). Thus, Defendants Hamilton County, Sheriff Hammond, Shockly, Capt. Swope, Investigator Morris, and Officer Johnson will be **DISMISSED** from this lawsuit. Plaintiff, however, will be permitted to

10

proceed on the Eighth Amendment excessive use of force allegations against Defendants Officer Owens and Officer Daniels at this time.

A separate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

11